James Brannon MYERS, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 20282.

United States Court of Appeals
Ninth Circuit.

May 9, 1966.

Rehearing Denied June 17, 1966.

James Brannon Myers, in pro. per.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Wm. B. Spivak, Jr., Asst. U. S. Atty., Jacqueline Weiss, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

JERTBERG, Circuit Judge.

On February 1, 1962, the appellant filed an application to establish a period of disability and for disability insurance benefits, under the provisions of the Social Security Act,[1] alleging that he had been unable to work since May 1961, because of specified injuries, ailments and diseases. The appellant's application was denied by the Social Security Administration and appellant's request for reconsideration was likewise denied. Appellant requested a hearing before a Hearing Examiner.[2]

A hearing was had before a Hearing Examiner. The Examiner found in his decision rendered January 24, 1964, that the appellant had, on January 1, 1961, been "disabled" within the meaning of the Social Security Act; that such disability continued up to and during the effective period of his application; and applicant was accordingly entitled to a period of disability and the disability insurance benefits under the Social Security Act on the basis of his application.

Based on the decision of the Hearing Examiner, the period of disability beginning January 1, 1961, was established and the appellant was awarded disability insurance benefits commencing at the end of the six months waiting period established by the Act, 42 U.S.C. § 423 (a), effective July 1, 1961.

The appellant filed a request that the Appeals Council review the Hearing Examiner's decision, the appellant contending that he was dissatisfied with the date of the establishment of the period of his disability, and of the effect of his entitlement to disability insurance benefits. This request for review was denied by the Appeals Council and the decision of the Hearing Examiner thereupon became the final decision of the Secretary of Health, Education and Welfare.

The appellant on July 17, 1964, filed a petition for review of the Hearing Examiner's decision in the United States District Court for the Southern District of California, Southern Division.[3]

---

1. 49 Stat. 623, as amended, 42 U.S.C. § 401 et seq., § 223· of the Act, [42 U.S.C. § 423], in pertinent part provides:

"(a) (1) Every individual who—
   (A) is insured for disability insurance benefits ( * * * )
   (B) has not attained the age of sixty-five,
   (C) has filed application for disability insurance benefits, and
   (D) is under a disability ( * * )
shall be entitled to a disability insurance benefit (i) for each month beginning with the first month after his waiting period ( * * * ) in which he becomes so entitled to such insurance benefits, or * * *."

2. See Code of Federal Regulations, Title 20 —Employees' Benefits, §§ 404.917 and 404.918.

3. Sec. 205(g) of the Social Security Act [42 U.S.C. § 405(g)] reads, in pertinent part, as follows:

   "(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, * *, may obtain a review of such decision by a civil action * * * in the district court of the United States * * *. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and deci-

The District Court, on April 26, 1965, entered an order in the action affirming the decision of the hearing officer. A timely appeal to this court was filed by the appellant.

The record reveals that the appellant had earlier filed applications for a period of disability and for disability insurance benefits on July 8, 1960, and September 7, 1960, respectively, alleging in the first application that he became unable to work on December 17, 1955, and in the second in January 1960. These duplicate claims were based upon impairments including, among others, the injuries, ailments and diseases specified in the application filed on February 1, 1962. These applications were denied through all administrative levels of the Social Security Administration and following a hearing held on August 14, 1961, by a hearing examiner who, in his decision rendered August 29, 1961, found that the appellant was not disabled within the meaning of the Act at any time on or before December 7, 1960, that is, at any time prior to the expiration of the three month effective life of the appellant's duplicate application filed on September 7, 1960. Following a denial by the Appeals Council on October 31, 1961, of the appellant's request for review of the hearing examiner's decision the appellant, through an attorney, on February 21, 1962, brought an action in the United States District Court for the Southern District of California, Southern Division, and on January 19, 1963, that court affirmed the hearing examiner's decision which was the final decision of the Secretary of Health, Education and Welfare. Myers v. Celebrezze, Civil No. 2691–SD–W, S.D.Calif., SD. The appellant in the instant case took no appeal from the judgment of the district court entered on January 18, 1963, affirming the hearing examiner's decision on appellant's prior claims.

In its order affirming the decision of the Hearing Examiner, as affirmed by the Appeals Council, the District Court stated, *inter alia:*

"Petitioner claims that respondent failed to correctly set the date of his disability. Respondent set the date of disability as commencing January 1, 1961, while petitioner claims it commenced in 1955.

"Respondent contends that a previous decision of this court dated January 18, 1963, which affirmed an earlier decision of respondent dated February 1, 1962, is res adjudicata as to any disability claimed to exist prior to December 7, 1960. The title of the action was Myers v. Celebrezze, No. 2691–SD–W, and the judgment there affirmed respondent's decision denying disability benefits to petitioner and finding him not disabled through December 7, 1960. No appeal was taken from that judgment.

"Petitioner attempts to avoid the doctrine of res adjudicata by alleging that he was represented by incompetent counsel in that his counsel failed to request a jury; that he did not present his case properly because of his friendship for the Judge; and that he failed to take an appeal after being requested to do so. It is further alleged that the Judge was known as a Judge who always favors the Government; that the Judge stated in open court that he did not intend to review all of the evidence; and that the decision of the Judge was contrary to all of the evidence.

"Assuming that this court has jurisdiction to determine the merits of a collateral attack upon a judgment in this proceeding, petitioner's allegations are far from sufficient to create

sion complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary,

with or without remanding the cause for a rehearing. The findings of the Secretrary as to any fact if supported by substantial evidence, shall be conclusive, * * *."

a basis for collateral attack. A judgment can only be collaterally attacked if it is obtained by extrinsic fraud or, probably, if there was a failure of due process. United States v. Throckmorton, 98 U.S. (8 Otto) 61 [25 L.Ed. 93] (1878). Here there are no allegations which remotely suggest either.

"Petitioner further contends that inasmuch as the hearing examiner considered evidence which was heard on the previously denied application, the earlier application was thereby reopened. This contention finds no basis whatsoever in the statute.

"Therefore, the doctrine of res adjudicata is applicable and the only period which is open to review is that between December 8, 1960, and January 1, 1961.

"Respondent's finding that petitioner was not disabled within the meaning of the Social Security Act prior to January 1, 1961, finds ample support in the record. There was testimony that petitioner earned $100.00 per week working as a jewelry salesman from September 27, 1960 to December 31, 1960. This work experience can be considered by the respondent's hearing examiner in determining the date of disability. 20 C.F.R. § 404.1534 (b)."

■ We are in complete agreement with the views expressed by the District Court. In our view there is substantial evidence in the record to support the findings of fact and the decision of the Secretary of Health, Education and Welfare that the appellant was not disabled, within the meaning of the Social Security Act, prior to January 1, 1961.

■ We are further satisfied that the District Court properly applied the doctrine of *res adjudicata* to the instant case. See Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Eplin v. Celebrezze, 214 F.Supp. 836 (S.D.W.Va., 1963); Rivers v. Celebrezze, 217 F.Supp. 141 (W.D.Va., 1963).

We have considered other contentions raised by appellant on this appeal and find them to be without merit.

The order of the District Court is affirmed.