Frances C. STASKEL, Plaintiff,

v.

John GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 41121.

United States District Court
E. D. Pennsylvania.

Oct. 18, 1967.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Jerome R. Richter, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

This is an action pursuant to 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare disallowing a claim for disability insurance benefits. The final decision in this case was rendered by the Agency's Appeals Council on July 29, 1966.

Plaintiff requests a rehearing on the question of whether she sustained a "disability" as defined by 42 U.S.C.A. §§ 416 (i) and 423 of the Social Security Act as amended by § 303(a) of Public Law 89–97, July 30, 1965, 79 Stat. 286. Under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), this court has the power "to enter * * * a judgment * * * with or without remanding the cause for rehearing. * * *" This section further provides that review of the Secretary's decision shall be limited to whether the decisions were based on substantial evidence.[1]

After consideration of the entire record, including the transcript of the proceedings before the hearing examiner, the court has concluded that the decision denying the claimant disability benefits was not based on substantial evidence and that the case should be remanded for further proceedings not inconsistent with this opinion.

The hearing examiner's finding that claimant was not "disabled" as of September 30, 1956 is based upon the conclusion that the medical evidence shows that the claimant was suffering from only one "grand mal" epileptic seizure a month during 1956. The evidence on this point is conflicting and inconclusive. For example, the hearing examiner cites one report[2] of Dr. Joseph Tomlin dated August 15, 1960, in which Dr. Tomlin states claimant was suffering from five spells a year but apparently gives no weight to a later report from the same doctor dated July 25, 1961, in which he

---

1. In reviewing the case at bar, the Court is mindful of what Judge Kalodner said in Goldman, Administrator of the Estate of Goldman v. Folsom, 3 Cir., 246 F.2d 776, 778, 1957,

"In discharging * * * (this) duty (of review) we must keep in mind, as adjured by the Supreme Court, that 'courts must now assume more responsibility for the reasonableness and fair-ness' of decisions of federal agencies 'than some courts have shown in the past' and "Reviewing courts must be influenced by a feeling that they are not to abdicate the conventional judicial function." Universal Camera v. National Labor Relations Board, 340 U.S. 474, 475, 490, 71 S.Ct. 456, 95 L.Ed. 456 (1951)."

2. Exhibit 19.

states claimant has "tonic and clonic convulsions—last(ing) 10 Min(utes)—occurring (at a rate of) 2 and 1 (per) day." [3] In this latter report, Dr. Tomlin gives a history of "grand mal" dating from 1934. He noted that the claimant had not been able to work since 1953 because her "spells" became too frequent at that time. It is significant that in this report the blank relating to the history of the illness was filled in by Dr. Tomlin whereas in the earlier report he did not supply this information.

The hearing examiner also relied heavily upon a report of Dr. Moll who recited that the claimant suffered on the average of one attack a month over the last thirty years. (Exhibit 21). It is significant to note that in Dr. Moll's history he reports the claimant as having stated to him that she had to stop work in 1953 because of her health.

The plaintiff attended school only to the fifth or eighth grade and her ability to express herself clearly about crucial facts pertaining to her condition is severely limited. Yet the hearing examiner chose to reject her testimony under oath in favor of hearsay statements appearing in the medical reports of Doctors Tomlin and Moll. As was stated above, Dr. Tomlin noted that the claimant had only five spells a year. (Exhibit 19). The claimant specifically denied this at the hearing and stated that as of that time she had spells as frequently as two or three times a week. (Tr. pp. 20, 21).

Dr. Moll noted that the claimant had seizures once a month for a period of twenty years. Again the claimant specifically denied the accuracy of this statement. (Tr. p. 14)

■■ It would thus appear that the entire factual basis of the examiner's finding against the claimant consists of statements attributed to the claimant in medical reports of doctors who did not testify. These statements were not only specifically denied by the claimant's sworn testimony but, in one case at least, the statement relied upon by the examiner was inconsistent with a statement appearing in a later report of the same doctor. It is well known that the trial examiner may consider hearsay evidence in coming to his decision.[4] Where, however, the central issue is the date of onset of claimant's disabling symptoms, a finding based upon fragmentary, cryptic and inconsistent reports of the history of the illness appearing in medical records can hardly be said to be based upon "substantial evidence." [5]

■ The court is also of the opinion that the claimant was not given a full hearing as required by Rule 20 C.F.R. 404.927.[6] In this case the trial examiner called only one witness in the plaintiff's behalf, her brother-in-law. It is quite apparent that the examiner gave this uneducated witness only the most cursory examination. (Tr. pp. 18–19). The trial examiner called no medical witnesses to analyze in depth the controversy cre-

---

3. Exhibit 23.

4. See, Opp Cotton Mills, Inc. v. Administrator, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624 (1941); Ellers v. Railroad Retirement Board, 2 Cir., 132 F.2d 636; and Marmon v. Railroad Retirement Board, 218 F.2d 716 (Third Circuit, 1955).

5. The Secretary's own rules demonstrate the unsatisfactory nature of the evidence relied upon by the hearing examiner in denying the claimant's application. Rule 404.1510(d) states "(T)he medical evidence *generally required* and the factors considered in determining the effect of impairments (is stated in the following rules.)" Rule 404.1519(b) states: "In cases of epilepsy a *complete history,*

description of seizures and physical examination are needed. * * * Reports of *electroencephalographic tracings* and medical observation during convulsive seizures, ill effects or injuries resulting from seizures are *important evidence."* (Emphasis Supplied).

6. 42 U.S.C.A. § 405(a) provides: "The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter * * *." Pursuant to this authority the Secretary has established Rule 20 C.F.R. 404.927 which provides that "(t)he hearing examiner shall inquire fully into the matters at issue." (Emphasis Supplied).

ated by the various medical reports. What might have been resolved in a full hearing was left to guesswork at a later time. Finally, no witnesses were called to describe the plaintiff's condition while at work. A single knowledgeable witness as to why the claimant stopped working at Spoont's Dress Factory in 1953 might well be worth all of the medical reports in the case.

■ Plaintiff in this case was not represented by counsel at the administrative proceeding. The authorities are not clear as to whether or not counsel should be required in a case involving a claimant with limited education and mental capacity.[7] However this issue is ultimately resolved, it is clear that there is a justification for different treatment of a case in which the claimant was represented by counsel than one in which the plaintiff was not. In the former, the Court and the hearing examiner can presume that counsel will be fully aware of the technical requirements of carrying the burden of proof and will exhaust all appropriate possibilities so that if the record as a whole leaves the reviewer uncertain as to the facts, the Court can conclude that the claimant was simply unable to carry the burden. Where the claimant is unrepresented and is unschooled, however, there is less justification in permitting technical considerations of burden of proof to defeat what may well be a bona fide claim.

■ The Secretary raises the defense that the doctrine of res judicata bars the present action. Plaintiff earlier made applications on the same facts in 1960 and 1961. Pursuant to 42 U.S.C.A. § 405(a)[8] the Secretary established rule 404.937:

"The hearing examiner may, *on his own motion,* dismiss a hearing request, * * * under any of the following circumstances. * * * (a) Res judicata. Where there has been a previous determination * * * by the Secretary * * * *on the same facts pertinent to the same issue or issues* which has become final * * * upon the claimant's failure timely to request reconsideration." (Emphasis supplied)

This Court finds that since the hearing examiner did not dismiss the hearing request, the right to assert the defense of res judicata has been waived.

Rule 404.937 gives the hearing examiner discretionary power to grant or

7. The authority for the granting or denial of a motion for remand because of lack of counsel is limited and contradictory. Dicta in two decisions of the District Court of Arkansas suggests that lack of counsel alone would not be grounds for remanding a case to the Secretary. Butler v. Folsom, 167 F.Supp. 684 (1958); Wray v. Folsom, 166 F. Supp. 390 (1958). On the other hand, the Court of Appeals in the Sixth Circuit did grant a motion to remand because of a lack of adequate representation at the trial examiner's hearing. Arms v. Gardner, 353 F.2d 197 (1965). In that case the court ordered that claimant with aid of counsel be permitted to adduce additional evidence on his behalf despite the fact that on the record below there was substantial evidence to uphold the Secretary's finding of no disability. The court stated at page 199, "A careful review of the record however discloses that the claimant did not have the proper representation to which he was entitled at the hearing before the Examiner. * * *

[H]is attorney failed and was admittedly unable to give him the legal assistance he should have had to present his evidence and to cross-examine the witnesses produced at the hearing to contradict his claims. Under these circumstances claimant can not be held to have had the *full* hearing that he was entitled to." (Emphasis Supplied). In a case in many respects identical to the one at bar the court in Hall v. Celebrezze, 217, F. Supp. 905 (D.C.M.C., 1963), noted at pages 905–906 that: "Plaintiff was not represented by counsel." and later states at page 907: "On the basis of the entire record, including the objective medical evidence, and the substantial subjective evidence of incapacity, all of which is uncontradicted, and considering the work history, education, age and experience of plaintiff, the Court is unable to sustain the finding that the plaintiff is capable of engaging in substantial activity."

8. 42 U.S.C.A. § 405(a) is quoted in pertinent part in footnote six, supra.

deny a hearing when the claimant has had a previous final determination on the same claim. Since the Secretary has in the same rule given the hearing examiner the right to grant a rehearing or to dismiss on the basis of res judicata, it seems clear that the granting of the new hearing must foreclose the defense of res judicata. To reason otherwise would mean that any grant of a rehearing by the hearing examiner would be a meaningless exercise since, regardless of what the claimant proved at the rehearing, it would always be possible for the Secretary to fall back on the previous proceeding as a bar.

The Secretary cites Myers v. Gardner, 361 F.2d 343 (9th Circuit, 1966) to support his proposition that a rehearing does not constitute waiver of the defense of res judicata. In that case the hearing examiner re-examined facts that had been previously examined for a related but *different* claim made by the claimant. The claimant, Myers, asserted that the result of the examiner's re-examination of facts previously considered was to reopen the earlier claim. Among other grounds, the *Myers* case is distinguishable from the case at bar in that the hearing examiner at the second hearing did not re-examine the same facts pertinent to "the *same* issue or issues." Thus, unlike the case at bar, there was no real question as to whether the hearing examiner by granting a new hearing waived the right to later assert res judicata.

Finally, this Court is reluctant to approve the use of a technical defense such as res judicata to bar a semiliterate, uncounseled claimant from benefits to which she may well be entitled, particularly where the prior proceedings relied upon as a bar were perfunctory administrative proceedings of a nonadversary nature and where the very notice of denial could well suggest to a person such as the claimant that the denial was not final.[9] Such a defense is peculiarly inappropriate where the Secretary's duty in administering the statute is to see that those who are entitled to benefits under the statute receive them.[10]

By granting a rehearing the Secretary has, in effect, induced the claimant to expend a great deal of time and effort at the administrative hearing and before this court while perfecting the review of her case. If only for equitable reasons, the claimant should be afforded a *complete* rehearing of her case. It follows, therefore, that the trial examiner's waiver of the defense of res judicata should extend to the hearing on remand.

Accordingly the decision of the Secretary is reversed and remanded for proceedings not inconsistent with this opinion.

9. Notice of Determination (Department of Health, Education and Welfare) November 22, 1960: "If you believe that this determination is not correct, you may request that your case be re-examined. If you want this reconsideration, you must request it not later than 6 months from the date of this notice. You may take any such request through your local social security district office. If additional evidence is available, you should submit it with your request. If you have any questions, please call at the district office shown above and take this notice with you." (Exhibit 3). The identical message is contained in the Notice of Determination of August 30, 1961. (Exhibit 5).

10. As Judge Biggs stated in Klimaszewski v. Flemming, 176 F.Supp. 927, 932 (E.D.Pa., 1959) referring to the burden of proof the claimant must meet in demonstrating his inability to do any work: "The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally."