**Arvid SCHAEFFER, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. No. 70–10N.**

United States District Court, D. South Dakota, N. D.

June 15, 1971.

---

Robbins & Von Wald, Selby, S. D., for plaintiff.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., for the Government.

## DECISION

BECK, District Judge.

This is an action by the plaintiff, Arvid Schaeffer, for a review of the decision of the Appeals Council of the Social Security Administration Department of Health, Education and Welfare, entered on May 13, 1970, in the course thereof to have it reversed and the asserted disability claim allowed.

The Hearing Examiner's theory in resolving the claim against the plaintiff on February 26, 1970 is expressed in the observation that it was for him to:

> "determine whether the claimant was under a disability at any date subsequent to May 18, 1962, during the period up to March 31, 1966, which is the date when the earnings requirements were last met for the purpose of entitlement, or more specifically, whether the claimant was under a disability during that period from May 18, 1962, to a period ending at least six months prior to the claimant's attainment of age 65".,

and in other parts of his decision based on the Order of this Court, entered November 16, 1962, (Tr. 74), that all proceedings had up to and including May 18, 1962, resulting in dismissal, were "*res judicata*", and again, that the record on subsequent requests and reconsiderations including the last on May 29, 1969, (Tr. 123), did not amount to new and material evidence which on this request would warrant a determination different from the ones earlier made. (Emphasis supplied).

On examination of the November 16, 1962 Order, it is to be noticed that the motion for it, prepared by the attorneys representing the plaintiff at that time, recites:

> "Comes now the plaintiff in the above entitled action and moves this Court to dismiss the above entitled matter *without prejudice* and without costs to either party.",

and that the order then prepared and submitted in form was as follows:

> "Upon petition by the plaintiff herein and the Court being fully advised in the premises, it is
>
> ORDERED AND ADJUDGED that the above entitled action be and the same is, hereby dismissed *with prejudice* and without cost to either party." (Emphasis supplied).

That record, appearing as an authentic photographic copy of that part of the proceedings, is on its face sufficient to prove the "*with prejudice*" to have been a typographical error, inadvertently

made, not intended and now as it is disclosed to be corrected so as to reflect the actual intentions of counsel when this instrument was drafted and entered. On this aspect of the case, as the court finds, the parties are fully agreed, with a provision accordingly hereby made that said order be and the same is hereby nunc pro tunc amended to show it to have been entered *"without prejudice"*. (Emphasis supplied)

Hence, the question in this action, with the evidence on the claimant's alleged disability, prior to May 18, 1962 included and not held to be excluded under the doctrine of res judicata, would the Appeals Council have been warranted in holding the alleged disability not to have been established during the time periods posed.

As this issue is resolved, it is for the court to observe the rules that "disability" in the Act is defined as:

"Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. * * *,"

in the 1965 amendment re-defined as:

"Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months. * * *." 42 U.S.C.A. § 416(i) (1).

▮ That amendment is to be applied here since this application was filed before July 1965 and since the action in this court has not as yet been made final.

▮ However, the question whether or not all of that evidence on disability was or wasn't sufficient, is not before the court in this action, it being established as the court finds that the several determinations by the Examiners against the plaintiff, two in 1961, two more in 1962, one in 1963 and one in 1965, all involving the presently asserted disability, became final when the plaintiff neglected to exhaust his administrative remedies which were available under the Act. Expressions on the consequences of such omissions are in Myers v. Gardner, 361 F.2d 343 (9 Cir. 1966), that the:

"Court properly applied doctrine of res judicata to case involving denial of social security disability benefits, so as to prevent claimant from contending that he was disabled through December 7, 1960, where earlier case, from which no appeal was taken, had denied disability benefits to claimant and found him not disabled through that date. Social Security Act, § 201 et seq. as amended 42 U.S.C.A. § 401 et seq.",

with another in Domozik v. Cohen, 413 F.2d 5 (3 Cir. 1969):

" * * * The Court of Appeals held that in view of claimant's failure to pursue his administrative remedies following denial of earlier applications for disability benefits by the chief of evaluation and authorization branch of the social security administration, relitigation of those claims was barred under doctrine of res judicata."

▮ The exception to those rules is in a case of new evidence having been submitted in support of the claim. The letters [1] on that point, one by E. W. Ur-

---

1. "May 7, 1963"
"TO WHOM IT MAY CONCERN:
Mr. Arvid Schaeffer of Eagle Butte, S. Dak. has been treated by me since December 28, 1959, with a diagnosis of tumor in the lateral condyl of the left femur, at that time. His left knee was

very swollen, plainful and had no activity in it at all.
I performed surgery on his knee June 2, 1960 resecting the whole condyl; and arthrodesis of the knee joint. Tissue of bone was sent to a pathologist returning with Malignant Giant Cell Tumor of

banyi, M.D., Gettysburg, South Dakota, and another one from B. P. Nolan, M.D., associated with Spiry Clinic, Mobridge, South Dakota, can hardly on that point be said to suffice, that of Urbanyi being no more than repetition of matters which were before the Examiner at the time of the first hearing and the other a report on a meeting in the hall and not in any sense measuring up to a medical examination.

This decision with the order for the amendment included, will be and is hereby adopted as the court's findings of fact and conclusions of law.

Judgment, accordingly, on the defendant's motion for summary judgment is to be submitted by counsel for approval and entry.

Left Femur, Grade III. It was possible an amputation of the leg might be necessary if the tumor newly appeared. November 9, 1960 an amputation of the left leg above the knee was performed.

E. W. Urbanyi"

---

"Nov. 21, 1963"

"Robert F. Hempel
Disability Examiner
Pierre, S.D.
Dear Sir:
In reply to your letter concerning Arvid Schaeffer I wish to inform you that about two months ago Mr. Schaeffer stopped me in the hallway at the hospital and gave me the history of nocturia, small stream, which he stated was of several months duration. From this history I suggested to him that he could have prostate trouble, and I asked him to come to the office for a check up or see a Urologist for this condition. Since that time I have not seen him. It is my opinion he has prostatic hypertrophy.

Sincerely yours,

B. P. Nolan."