Grace BRANDT, Plaintiff,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 78–C–85.

United States District Court, E. D. Wisconsin.

June 7, 1979.

John P. Hayes, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) to review a final decision of the defendant Secretary of the Department of Health, Education and Welfare denying plaintiff's application for disability benefits under 42 U.S.C. §§ 416(i) and 423 and for supplemental security income under 42 U.S.C. § 1381 et seq. The plaintiff filed her application for benefits on September 24, 1976, and it was denied in November 1976. Upon her application for reconsideration, the decision was affirmed in February 1977; on August 3, 1977, following a hearing before an administrative law judge, which hearing plaintiff did not attend, her application was again denied; and on December 15, 1977, the Appeals Council affirmed the decision of the administrative law judge. The plaintiff did not retain counsel until after the decision of the administrative law judge was issued on August 3, 1977.

Plaintiff contends that she suffers from mental, nervous, emotional, and physical exhaustion; from root irritations secondary to scarring from surgery and spinal stenosis; from arthritis with degenerative disc changes; and from constant and severe pain. Plaintiff further contends that she presented substantial evidence to the defendant of her inability to engage in substantial gainful employment, and that her application for benefits was denied despite

the absence in the record of any contradictory evidence.

The defendant contends that his findings of fact are supported by substantial evidence and therefore are conclusive. He also contends that plaintiff has had two previous applications for disability benefits which were denied and which she failed to appeal, and that those denials are res judicata as to her present claim for the period prior to September 24, 1974.

Following its review of the administrative record and of the materials submitted by the parties on appeal, the Court is persuaded that the two previous denials of plaintiff's application for disability benefits are not res judicata as to plaintiff's present claim,* and that the action should be remanded to the defendant for the taking of additional testimony.

■ The doctrine of res judicata may be applied to deny an application for benefits where a prior denial of an application raising the same issues has become final due to the failure of the applicant to make a timely request for a hearing on the denial. *Hunt v. Weinberger,* 527 F.2d 544 (6th Cir. 1975); *Sangster v. Gardner,* 374 F.2d 498 (6th Cir. 1968); *Myers v. Gardner,* 361 F.2d 343 (9th Cir. 1966); 20 C.F.R. § 404.937. Where the previous denial raised the same claims, however, and the defense of res judicata was not raised before the hearing examiner or used by him as a basis for denying the present application, the defense of res judicata is waived. *Staskel v. Gardner,* 274 F.Supp. 861 (E.D.Pa.1967). Furthermore, 20 C.F.R. § 404.957 allows for reopening upon a showing of "good cause" of a decision which is otherwise final within four years after the date of notice of the initial determination. Section 404.958 of Title 20 C.F.R. provides that "good cause" shall be deemed to exist where "(a) [n]ew and material evidence is furnished after notice to the party to the initial determination." Plaintiff's second application was denied initially on September 24, 1974, and

her third application was filed on September 24, 1976.

The denial of plaintiff's present application was based upon a review of thirty-three exhibits, including at least some of those exhibits which had been presented for plaintiff's prior applications. The administrative law judge found, based upon those exhibits, that:

"The evidence establishes that the claimant's back discomfort is associated with relevant abnormal findings. However, there is no evidence of severe loss of function or manipulative ability which would seriously interfere with her ability to stand, walk and sit for moderate periods and to use her hands and arms.

\* \* \* \* \* \*

"The administrative law judge recognizes that the claimant's back pain and headaches may be an important factor in causing functional loss. However, for pain to form the basis of a determination of 'disability,' it must be a persistent severe pain which limits the claimant's activities to those of an incapacitated individual. The claimant's treating physician stated that she is accepting her problem and living with it (ex. 30). The record does not show that she requires substantial amounts of medication to relieve her pain. Nor are there any indications i. e. disuse atrophy, that the claimant's pain had been so persistently severe as to interfere with her regular daily activities." (Tr. at pages 13–14.)

Thus, there is evidence in the record to show at the least that there is some medically determinable foundation for the plaintiff's claim of disability.

In addition, the plaintiff has submitted to this court her own affidavit setting forth her present condition, detailing the pain which she suffers as a result of her physical condition, and describing her present range of activities, and two affidavits stating that plaintiff is considered by the Division of Vocational Rehabilitation, Department of

---

\* Plaintiff's present application claims a commencement of disability as of July 16, 1973. Her first application was filed April 8, 1968, and denied on June 28, 1968. The second application, however, was filed August 5, 1974, and denied September 24, 1974, and thus it overlaps in time with plaintiff's present claim. (Tr. at pages 18–31.)

Health and Social Services of the State of Wisconsin, to be incapacitated and unable to engage in substantial gainful activity. None of the information contained in those affidavits was a part of the plaintiff's administrative record before the Department of Health, Education and Welfare.

■ Section 405(g) of Title 42 U.S.C. provides that for good cause shown, the Court may remand an action to the Secretary for the taking of additional evidence. The Court may consider evidence not presented during the administrative hearing in order to determine if good cause exists provided such evidence appears rationally to be related to the plaintiff's condition at the time of the administrative hearing. *Kemp v. Weinberger,* 522 F.2d 967 (9th Cir. 1975).

■ Based on the affidavits submitted by the plaintiff, the Court finds that good cause exists to remand this action to the Department of Health, Education and Welfare for the taking of additional testimony relative to plaintiff's condition since July 16, 1973, which is the date of commencement of her disability as set forth in her current application. (Tr. at page 33.) Aside from that evidence, the Court is also persuaded that plaintiff's lack of counsel, her limited education, and her failure to appear at the hearing before the administrative law judge prejudiced her claim and constitute good cause for a remand. In *Staskel v. Gardner,* 274 F.Supp. 861, 865 (E.D.Pa.1967), the Court declined to allow the use of a res judicata defense:

> " * * * to bar a semiliterate, uncounseled claimant from benefits to which she may well be entitled, particularly where the prior proceedings relied upon as a bar were perfunctory administrative proceedings of a nonadversary nature and where the very notice of denial could well suggest to a person such as the claimant that the denial was not final. Such a defense is peculiarly inappropriate where the Secretary's duty in administering the statute is to see that those who are entitled to benefits under the statute receive them."

Plaintiff is not "semiliterate"; however, there is good reason to believe that her

waiver of the right to appear at the administrative hearing was made in ignorance of the probable consequences of that decision (Tr. at pages 7–8; Brandt's affidavit filed February 1, 1979, paragraph 12), and also that she was prejudiced in fact by her lack of counsel. The affidavits submitted to this court demonstrate that had she previously been represented, she could have made a far more effective presentation of her case during the administrative hearing, would have been less likely to have omitted relevant probative evidence, and might have prevailed on her claim. The prejudice arising out of lack of counsel is in itself sufficient in this case to justify a remand for the taking of additional evidence. *Webb v. Finch,* 431 F.2d 1179 (6th Cir. 1970); *Arms v. Gardner,* 353 F.2d 197 (6th Cir. 1965); *Erwin v. Secretary of Health, Education and Welfare,* 312 F.Supp. 179 (D.N.J.1970).

IT IS THEREFORE ORDERED that the decision of the defendant Secretary of the Department of Health, Education and Welfare appealed from is vacated, and this action is remanded to the Secretary for further proceedings consistent with this decision.