' **Rayfield THOMAS, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. C–1–82–489.**

United States District Court, S.D. Ohio, W.D.

March 3, 1983.

Virginia corporation, had "*no* contacts" with New York. *Id.* at 197 (emphasis added).

Dennis A. Becker, Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER REMANDING CASE

SPIEGEL, District Judge:

Plaintiff, a Social Security disability claimant, brought this action under 42 U.S.C. § 405(g), seeking review of the Secretary's finding that plaintiff is not disabled and thus not entitled to disability benefits. The matter is now before the Court on plaintiff's motion for remand (doc. 5). No response has been filed by defendant.

Plaintiff's application for disability benefits was denied initially and upon reconsideration. Plaintiff requested review by an Administrative Law Judge (ALJ) (tr. 57–58) and indicated he did not wish an oral hearing by signing a "waiver of right to oral hearing" form (tr. 59). Handwritten on the form is the statement "I have been given an explanation of my right to representation, including representation at a hearing by an atty. or other person of my choice." There is no way of discerning from the record whether the statement was written by someone other than plaintiff. The form also includes the printed statement "I do not wish an oral hearing for the following reasons:" with ample space in which a claimant is to list the reasons he is waiving his right to an oral hearing. That space is empty. Plaintiff was unrepresented by counsel.

The ALJ considered the claim *de novo* and on the basis of the record without an oral hearing ruled on November 30, 1981 that plaintiff was not disabled. Shortly thereafter plaintiff acquired counsel who requested the Appeals Council to review the decision of the ALJ. The Appeals Council, after review, adopted the findings of the ALJ as the final decision of the Secretary.

■ With respect to remand, 42 U.S.C. § 405(g) provides that the Court may at any time "on good cause shown, order additional evidence to be taken." In deciding whether to remand, the Court must determine "whether more evidence is required to develop the facts necessary to enable the Secretary to make a determination on the issue in question." *Carroll v. Califano,* 619 F.2d 1157, 1163 (6th Cir.1980). If the evidence is merely cumulative or if consideration of the new evidence "would not result in a reasonable chance that the Secretary would reach a different conclusion," "good cause" justifying a remand is not present. *Id.*

■ The absence of counsel is not of itself good cause justifying a remand. *Ware v. Schweiker,* 651 F.2d 408 (5th Cir.1981). However, where the absence of counsel is prejudicial to the claimant, a remand is justified. *See, e.g. Cowart v. Schweiker,* 662 F.2d 731 (11th Cir.1981); *Fernandez v. Schweiker,* 650 F.2d 5 (2d Cir.1981). The Court finds by analogy that if the absence of an oral hearing results in prejudice to the claimant, a remand is justified.

In the instant case, plaintiff based his claim of disability on his poor vision and "bad nerves" (tr. 23) in addition to diabetes. He has an eighth grade education. The Social Security interviewer reported in February, 1981 that plaintiff was only moderately alert (tr. 44). A second Social Security interviewer reported that plaintiff had difficulty answering her questions and in understanding and appeared confused (tr. 55). The doctor who removed plaintiff's cataracts and implanted artificial lenses stated that he questioned plaintiff's level of intelligence and found it difficult to communicate with plaintiff (tr. 67). A second

physician stated that he had difficulty obtaining compliance from plaintiff, that a physician at plaintiff's workplace reported that plaintiff suffered from "chronic brain syndrome" and that he had recommended that plaintiff see a psychiatrist (tr. 89–90). The doctor at plaintiff's workplace reported in March, 1981 that plaintiff was quite confused and could not follow directions (tr. 91).

■ The ALJ has a basic obligation to develop a full and fair record, even if a claimant is represented by counsel or has waived his right to counsel. The ALJ has a duty to elicit both favorable and unfavorable facts and circumstances. *Cowart,* 662 F.2d at 731. Given the references in the record just cited to plaintiff's confusion, the ALJ had a duty to determine whether the waiver of an oral hearing was made intelligently. This conclusion is re-enforced by our own Court of Appeals' view of the value of the oral hearing. Judge Peck wrote in *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383, 387 (6th Cir.1978):

> The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.

Accordingly, we conclude that there is just cause for a remand. *See also Brandt v. Califano,* 470 F.Supp. 795, 798 (E.D.Wis. 1979) in which the Court found that the absence of counsel and plaintiff's limited education and failure to appear at the oral hearing before the ALJ resulted in prejudice justifying a remand.

■ Furthermore, plaintiff has presented new and material evidence in the form of letters dated October 14, 1982 from two treating physicians, both of which state that plaintiff has been hospitalized on the psychiatric service for treatment of bizarre behavior, disorientation, and depression (attachments to doc. 5). Because the presence of new evidence of plaintiff's condition

which is highly relevant, probative, and critical to a rational determination of plaintiff's disability status requires a remand for consideration of all evidence related to the alleged disability, *Parks v. Harris,* 614 F.2d 83 (5th Cir.1980), the Court concludes that plaintiff's motion is well-taken and should be granted.

Accordingly, this case is remanded for the purpose of allowing the Secretary after a hearing to consider new and material evidence so that the Secretary can make specific findings on the issue of plaintiff's disability.

SO ORDERED.