**Annette KIRK, Plaintiff,**

v.

**Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 90 C 0048.**

United States District Court, N.D. Illnois, E.D.

Feb. 20, 1991.

Steven Coursey, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Ann L. Wallace, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

This matter is before the court on the plaintiff's and the defendant's cross motions for summary judgment. The court referred the motions to Magistrate Weisberg for a report and recommendation. In a thorough and well reasoned report the Magistrate recommended that the plaintiff's and defendant's cross motions for summary judgment be denied, and that the case be remanded to the Secretary for the taking of additional evidence. For the reasons explained below, the Magistrate's report and recommendation is adopted in part and modified in part.

### Background

The facts of this case were fully explained in the Magistrate's report and recommendation. For purposes of this opinion, the court notes the following. On February 16, 1988, Annette Kirk applied for Supplemental Security Income under the Social Security Act, claiming that she was disabled by back trouble, stiff knees and legs, pain in her left leg and nerves. R. 27. Plaintiff's claim was denied by state disability examiners. Plaintiff contested these findings, and sought review by an Administrative Law Judge (ALJ). Kirk signed a waiver of right to an oral hearing stating, "I do not want to go through an

oral hearing. I am afraid that I will not be treated well." On December 30, 1988, ALJ Jose J. Santiago issued a decision concluding that Kirk was not disabled. R. 18. This became the Secretary's final decision when it was adopted by the Appeals Council, on October 31, 1989, with an additional finding regarding Kirk's mental impairment.

Kirk sought judicial review of the final decision pursuant to 42 U.S.C. § 405(g). Both the plaintiff and the Secretary subsequently moved for summary judgment on the issue of whether plaintiff is entitled to disability benefits and supplemental security income under the Act.

### The Motions for Summary Judgment

The Magistrate noted that under the Social Security Act, a person is disabled if "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). In the instant case, given the record before him, the ALJ determined that Kirk did not have a disability within the meaning of the Act.

The Magistrate found that the main issue on appeal, as in all reviews of the Secretary's final decision, is not whether Ms. Kirk is disabled, but whether there is substantial evidence to support the ALJ's finding of no disability. *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987). The Magistrate determined that the ALJ's findings are supported by substantial evidence, and the court agrees.

■ The ALJ initially found that plaintiff does not suffer from a severe physical impairment, and therefore cannot be considered disabled under the Act. (R. 20). The ALJ determined that Kirk's physical impairments were not sufficiently severe to significantly limit her ability to perform basic work related activities. Given the medical report submitted by Dr. Grove, plaintiff's treating physician for five years, the ALJ further determined that Kirk's

allegations of severe leg and back pain were not supported by the medical evidence. (R. 20, 21). The Magistrate found, and the court agrees, that the ALJ's conclusions were supported by the medical evidence of record. (Magistrate's R & R, p. 6).

Plaintiff objects to this conclusion, arguing that the Magistrate failed to analyze her impairments in combination in order to determine if they are severe. Of course, as was noted in his opinion, it is not the Magistrate's role to analyze plaintiff's impairments, but only to determine whether the ALJ's findings regarding plaintiff's impairments are supported by substantial evidence. In the instant case, the ALJ's report indicates that he considered the plaintiff's impairments in combination: "claimant does not have a significant physical, mental, or emotional impairment, or a combination of impairments which alone or considering their combined effect significantly limit her ability to perform basic work activities." (R. 19). Plaintiff's objection is without merit since the ALJ considered plaintiff's impairments in combination, and the Magistrate properly found that the ALJ's conclusions were supported by the record.

■ Kirk also suggested that she has an impairment under Listing 12.06 of the Act, which lists Anxiety Related Disorders. The ALJ rejected this claim as well, finding that any anxiety disorder Kirk may suffer from does not meet the requirements of the listing. Aside from the doctors' reports which state that the plaintiff's impairments do not meet a listed impairment, the ALJ also considered the doctors' comments regarding Kirk's demeanor, and her lifestyle. Given all these considerations, the ALJ found that plaintiff does not have an impairment under 12.06. The Magistrate found, and the court agrees, that this conclusion was supported by the medical evaluations submitted by Dr. Malkernecker, Dr. Vincent, and Dr. Grove. (Mag. R & R, p. 8).

Kirk contends that the ALJ's finding that she does not have a severe impairment

is inconsistent with the assessments of Dr. Vincent and Dr. Hermsmeyer, two psychologists who evaluated her. Kirk notes that in their evaluations the doctors checked the boxes marked "RFC Assessment Necessary—a severe impairment is present which does not meet or equal a listed impairment." (R. 83, 101). Based on this evidence, Kirk argues that the ALJ should have determined that she has a severe mental impairment.

The court finds that this argument is without merit. The ALJ's role is to determine whether plaintiff has an impairment under the Act. Based on the medical evaluations presented, as well as reports on plaintiff's daily life, the ALJ concluded that plaintiff is not severely impaired within the meaning of the Act. Further, both psychologists plaintiff relies on concluded that despite her impairments, Kirk is able to perform certain types of work. Under the Act, an impairment is not severe if it does not significantly limit the claimant's ability to do basic work activities. 20 C.F.R. § 416.921(a) (1990). Hence, the ALJ's conclusion that plaintiff is not severely mentally impaired is substantially supported by the record.

The Magistrate determined that while the ALJ's finding of no disability was supported by substantial evidence, the existence of new evidence in this case requires a remand. The court agrees. As the Magistrate explained, Kirk submitted a psychological evaluation dated April 24, 1990 by Dr. Michael Fields, which she argues should be considered by the ALJ in determining whether she has a disability. Under 42 U.S.C. § 405(g), the court may order additional evidence taken before the Secretary when there is evidence which is new and material and there is good cause for the failure to incorporate the evidence into the record in the prior proceeding.

The Magistrate correctly found that since the Secretary does not dispute Kirk's contention that the evaluation is new, or the existence of good cause, the only issue is whether Kirk's new evaluation is material. Under § 405(g), evidence is material "if there is a reasonable possibility that it would change the outcome of the Secretary's determination." *Sears v. Bowen,* 840 F.2d 394, 400 (7th Cir.1988). The Magistrate found, and the court agrees, that the evaluation is material. After performing a number of psychological tests on plaintiff, Dr. Fields completed a psychiatric review form indicating his belief that plaintiff meets the requirements of Listings 12.-06 for anxiety related disorders, 12.07 for somatoform disorders and 12.08 for personality disorders. The doctor also stated that Kirk is unable to handle any competitive employment. Given these findings, the Magistrate found and the court agrees, that there is a reasonable possibility that Dr. Field's report would have changed the outcome of the Secretary's determination.

The Secretary contends that Dr. Field's evaluation is not admissible under § 405(g) because it is not material. The Secretary claims that Field's evaluation is not material because there is no reasonable possibility that Dr. Field's report will change the Secretary's decision. The court disagrees. While the administrative record in this case contains evaluations on plaintiff's mental condition, those medical evaluations do not settle the question of whether Kirk is suffering from a severe disability.

Dr. Groves, plaintiff's treating physician, qualified any statements he made regarding her mental condition by noting that he is not a psychologist. He believed, however, that plaintiff suffers from some form of mental illness. Doctors Vincent and Malkerner, who also evaluated the plaintiff, believe that she does suffer from some form of serious mental illness. Now after evaluating plaintiff, Dr. Fields claims that she meets the requirements for three anxiety related disorders, all of which suggests that Kirk may be disabled under the Act. The Secretary's arguments against considering Field's report are not persuasive. The Magistrate found, and the court agrees that Field's diagnosis is supported by substantial testing, and should be considered on remand. (See R & R, p. 8–10).

The Magistrate also determined, and the court agrees, that on remand the ALJ should investigate whether Paget's Disease

or any other possible causes of increased bone density noted in the May 4, 1988 X-ray report could account for Kirk's complaints of back and leg pain, and if so, re-evaluate those complaints to determine whether plaintiff suffers from a disability under the Act. *See Sparks v. Bowen,* 807 F.2d 616, 618 (7th Cir.1986).

Finally, the Magistrate also considered plaintiff's argument that remand is required because of the Secretary's failure to consider whether her waiver of an oral hearing was knowing and voluntary, or was the result of some mental illness. Kirk, now represented by counsel, argues that the ALJ should have, but failed to determine why she did not want an oral hearing. The Magistrate found that this issue does not require remand because the plaintiff failed to demonstrate that she lacked the mental capacity to voluntarily waive her right to a hearing. The court disagrees. Where a claimant's disability may have impaired her presentation of a disability claim, the Secretary should assess the impact of the disability on the benefit determination. *Thomas v. Schweiker,* 557 F.Supp. 580 (S.D.Ohio 1983); *see generally, Sears v. Bowen,* 840 F.2d 394 (7th Cir.1988).

While the court does not believe that an ALJ is usually required to investigate a plaintiff's waiver of an oral hearing without some proof that the waiver was the result of plaintiff's disability, in the instant case, the ALJ's actions suggest that he believed that plaintiff's waiver was influenced by her condition. On the front page of the ALJ's opinion he notes that

> "[a] copy of this decision has not been furnished to the claimant because it contains language which may be detrimental to her health. Therefore, it is suggested that you notify her of the general content of the decision." R. 18.

The fact that the ALJ wrote this note suggests to the court that he believed that the plaintiff's mental condition was unstable. Having reached this conclusion, the court believes that the ALJ should have recognized that Kirk's mental disability may have impaired her presentation of her claim, and further investigated why the plaintiff waived her right to an oral hearing. Hence, the court also remands for an oral hearing.

### Conclusion

For the reasons explained above, the Magistrate's report and recommendation is adopted in part, and modified in part. Plaintiff's case is remanded to the Secretary for oral hearing, and the taking of additional evidence.