**Clyde ARMS, Plaintiff-Appellee,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellant.**

No. 16251.

United States Court of Appeals Sixth Circuit.

Dec. 1, 1965.

Florence Wagman Roisman, Department of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Attorney, Department of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellant.

Alva H. Hollon, Hazard, Ky., for appellee.

Before WEICK, Chief Circuit Judge, and * CONNELL and **MACHROWICZ, District Judges.

## PER CURIAM.

This appeal is from an order of the District Court reversing the decision of the Secretary of Health, Education and Welfare denying disability benefits to appellee and remanding the case to the Secretary for an award for the period of disability. The action was brought by appellee under § 205(g) of the Social Security Act [42 U.S.C. § 405(g)].

Appellee claimed disability benefits in 1962 for disability alleged to have resulted from a disc operation performed in 1953. The appellee had been employed in a mine in Kentucky for twenty-six (26) years as a motorman and coupler. He left the mine in 1952 and went to Cincinnati where he worked for a company making cookies as a maintenance man until the time of his operation. After the operation he returned to his last job in Cincinnati and worked there until January, 1956. The reason for his leaving the job at that time is in dispute, but he returned to Kentucky and secured employment in 1958 as night watchman at a coal mine, retaining that job until 1960 when the mine closed. He has been unemployed since that time.

There was medical testimony before the Hearing Examiner of the Department of Health, Education and Welfare to the effect that appellee could not perform heavy work, but the undisputed testimony indicated that he could and did perform light work. The Hearing Ex-

* Honorable James C. Connell, Chief Judge of the Northern District of Ohio, sitting by designation.

** Honorable Thaddeus M. Machrowicz, District Judge of the Eastern District of Michigan, sitting by designation.

aminer's decision denying the application was appealed to the Appeals Council, which declined to review the matter, thus making the Examiner's determination the Secretary's final decision.

Appellee was represented at the Examiner's hearing by an attorney, but the record discloses that the attorney took no part in the examination of witnesses, offered no testimony on appellee's behalf and gave the appellee no apparent legal assistance in the preparation of the case, admitting on the record that he knew very little about Social Security laws.

In granting the appellee's motion for summary judgment, the district Judge held

(a) that the Secretary was required to determine both what claimant can do and what employment opportunities are available for the claimant, and

(b) that "in this case no adequate findings based on substantial evidence were made upon such issues * * *."

The issue in this case is whether the record before the Examiner supports the Secretary's conclusion that appellee's impairment did not prevent him from engaging in some substantial gainful activity.

■ The burden is upon the claimant to prove his inability to perform his former work. (Ellerman v. Flemming, D.C., 188 F.Supp. 521.) The record in fact discloses evidence that claimant held two jobs since the alleged onset of disability,—one as a maintenance man in the cookie plant and later as night watchman in a coal mine. Both of these jobs constituted substantial gainful activity and there was evidence that he left both of them for reasons totally unrelated to his impairment.

Section 223(c) (2) of the Act declares that:

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be long-continued and indefinite duration." [42 U.S.C. § 423(c) (2)]

In Carden v. Gardner, just recently decided by this Court, 352 F.2d 51 (November 1, 1965), we said:

"However, it is also the rule that where the Secretary has found from the evidence that the claimant is able to engage in a former trade or occupation, such a determination 'precludes the necessity of an administrative showing of gainful work which the appellant was capable of doing and the availability of any such work'. [Ward v. Ribicoff, 309 F.2d 157, 157–158 (6th Cir. 1962); accord, McMullen v. Celebrezze, 335 F.2d 811, 816 (9th Cir. 1964).]"

■ We have carefully reviewed the evidence before the Examiner and find that there is substantial evidence in the record before us to support the findings of the Secretary adverse to appellee's claim of "disability". The Court erred therefore in holding that there was no substantial evidence in support of the Secretary's findings.

■ A careful review of the record however discloses that the claimant did not have the proper representation to which he was entitled at the hearing before the Examiner. As stated above, his attorney failed and was admittedly unable to give him the legal assistance he should have had to present his evidence and to cross-examine the witnesses produced at the hearing to contradict his claims. Under these circumstances claimant cannot be held to have had the full hearing that he was entitled to.

Accordingly, the judgment of the District Court is set aside and the case is remanded with direction that an order be entered remanding the case to the Secretary of Health, Education and Welfare with instructions that a re-hearing be granted to give appellee an opportunity to present additional testimony and evidence to support his claims of alleged disability from engaging in substantial gainful activity.