**Clinton CONN, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–C–40–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.
Oct. 1, 1970.

Robert T. Winston, Norton, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case involves a claim for social security disability benefits. The claimant filed a previous application on December 20, 1966 which was initially denied and the plaintiff requested a hearing. The hearing examiner also denied the application by his decision of October 31, 1967. This decision was affirmed by the Appeals Council on December 29, 1967 but the claimant took no steps to litigate this matter in the courts. The current application was filed on February 28, 1968. After the Appeals Council affirmed the hearing examiner's denial of benefits, the claimant filed a complaint in this court. The plaintiff's special earnings requirement period ended on December 31, 1968.

Plaintiff alleges that he is disabled due to a bad back and a nervous condition. He was born in 1929 and worked from December 1954 to December, 1963 as an assembly line worker at a General Motors Corporation plant in Flint, Michigan. Although he worked as a barber while serving a jail sentence for nonsupport of his wife in 1965, he has not done any substantial work since 1963.

The medical evidence can be briefly summarized. Dr. Tillou Henderson, an orthopedic surgeon, in a report dated December 23, 1967 indicated that a physical examination made on June 12, 1967 revealed nothing remarkable. A second examination was conducted by Dr. Henderson on July 19, 1968, who concluded his report:

> From an orthopedic standpoint, there is not much to be found of a disabling nature. It is possible that he may have some underlying medical disease accounting for his wide-spread pain and tenderness but the etiology of this is not readily apparent.

Dr. David Wayne of the Bluefield Mental Health Center examined the claimant on February 21, 1968 and in a letter of the same date gave the following diagnostic impression: "Conversion reaction, chronic, severe, in a passive dependent personality." Dr. Pierce Nelson of the Wise, Virginia Mental Health Clinic also examined the plaintiff and in a letter dated April 15, 1969 expressed the opinion that the claimant would benefit from psychiatric treatment. On the other hand, Dr. Marshall Hogan, Jr. of Kingsport, Tennessee in his letter of December 12, 1969 thought that psychiatric treatment would not be helpful and expressed the following opinion on disability:

> The question of whether his behavior is so impaired as to be incompatible with occupational training is, of course, one that depends on the patient alone. I saw nothing that would impede this from a psychiatric point of view.

The question of disability through October 31, 1967 has been resolved by the Secretary's final decision denying the claimant's first application. Plaintiff's failure to contest this denial by taking the matter to the courts means that the matter is res adjudicata and is not now open to challenge. Rivers v. Celebrezze, 217 F.Supp. 141 (W. D.Va.1963); see James v. Gardner, 384 F.2d 784 (4th Cir. 1967), cert. denied, 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 99 (1968); Lyall v. Cohen, 297 F.Supp. 606 (W.D.Va.1969).

If the Secretary's final decision is supported by substantial evidence, it is binding upon this court. 42 U.S.C. § 405(g). The summary of the evidence given above demonstrates clearly that the denial of benefits in this case is supported by such evidence. While it is apparent that the claimant does not like to work because of personality deficiencies and that he perhaps cannot work in a strenuous job, the standard of disability required by the Act is that an individual must be incapable of "substantial gainful work." 42 U.S.C. § 423(d) (2) (A). The plaintiff has not met his burden of

proving himself incapable of such activity.

For the foregoing reasons, summary judgment is granted in favor of the defendant.