Homer W. GRAY, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare of the United States, Defendant.

No. C–75–2472–CBR.

United States District Court, N. D. California.

Sept. 20, 1976.

Richens L. Wootton, William T. Ferchland, Santa Rosa, Cal., for plaintiff.

James L. Browning, Jr., U.S. Atty., George Christopher Stoll, San Francisco, Cal., for defendant.

RENFREW, District Judge.

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain a review of a final decision of the Secretary of the Department of Health, Education and Welfare ("HEW"), denying his claim for disability insurance benefits. Both parties have filed motions for summary judgment and have waived oral argument on the motions.

Plaintiff, a forty-nine year old man, had been steadily employed as a truck driver for twelve years before November, 1963. At that time, he sustained a back injury which was treated surgically in March, 1967. Since the time of the injury, plaintiff has filed four applications with the Social Security Administration for a period of disability and disability insurance benefits.

Alleging disability due to back trouble and impaired hearing, plaintiff filed his first application on June 5, 1964. Because he did not seek administrative review of the department's August 1, 1964 denial, the initial agency determination became a final decision of the Secretary of HEW. 20 C.F.R. § 404.908.

On April 19, 1965, alleging the same impairment, plaintiff filed a second application which was denied initially on July 26, 1965, and upon reconsideration on December 3, 1965. Subsequent to a hearing held on February 10, 1966, the hearing officer (now administrative law judge) affirmed the denial on March 22, 1966. After the

Appeals Council rejected plaintiff's request for review on May 3, 1966, plaintiff sought review in the District Court. On April 25, 1967, the Court remanded the case to defendant for administrative consideration of newly available evidence. In January, 1968, a hearing examiner found plaintiff entitled to a closed period of disability from November 13, 1963, through December 31, 1967, a period extending from the time that plaintiff suffered the back injury through the medically-suggested surgical recovery period. The examiner recommended that plaintiff receive disability insurance benefits commencing after the requisite waiting period based upon his June 5, 1964, application and terminating with December 31, 1967. The Appeals Council modified the decision on February 29, 1968, holding that plaintiff was statutorily entitled to benefits only from September, 1965, through December 31, 1967. The court dismissed the action upon stipulation on March 17, 1970. As plaintiff sought no further review, the decision of the Appeals Council is a final decision. 20 C.F.R. § 404.951.

Seeking to secure disability benefits from January 1, 1968, plaintiff filed a third application based upon his back trouble on December 17, 1968. The application was denied initially on October 6, 1969, and upon reconsideration on February 13, 1970. On September 25, 1970, subsequent to a hearing, the hearing examiner found that plaintiff was not disabled and not entitled to disability insurance benefits for any period after December 31, 1967. The Appeals Council approved the hearing examiner's decision on January 7, 1971, when the determination became a final agency decision. 20 C.F.R. § 404.951.

■ Because the decisions on the first three applications are no longer subject to appeal, the agency findings with respect to those applications are *res judicata* as to any disability alleged to exist prior to September 25, 1970, and are not subject to review by this Court. *Sangster v. Gardner,* 374 F.2d 498 (6 Cir. 1967); *Myers v. Gardner,* 361 F.2d 343 (9 Cir. 1966). Thus, the Court will consider only the decision of the Secretary of HEW upon plaintiff's fourth application.

■ Plaintiff filed the fourth application on March 8, 1974, citing his back injury and the impairment of his legs, hearing, and eyes as his disabilities. The application was denied initially on May 2, 1974, and upon reconsideration on May 31, 1974. Plaintiff requested a hearing before an administrative law judge who, subsequent to the March 10, 1975, hearing at which plaintiff appeared with counsel, found that plaintiff had not been under a disability during the period from September 25, 1970, through March 31, 1973.[1] The decision of the administrative law judge became a final decision of the Secretary of HEW when the Appeals Council approved the decision on September 22, 1975. 20 C.F.R. § 404.951. Having exhausted his administrative remedies, plaintiff filed his petition with this Court on November 24, 1975.

■ Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), states in relevant part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party * * * may obtain a review of such decision by a civil action * * * in the district court of the United States * * *. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing

---

1. Because previous agency decisions had finally established that plaintiff was not under a disability and therefore not eligible for disability insurance benefits prior to September 25, 1970, the agency considered only whether plaintiff had become disabled within the meaning of the Social Security Act since September 25, 1970. Because it found that plaintiff's insured status for disability purposes had terminated on March 31, 1972, it required plaintiff to demonstrate that he suffered a disability prior to that date. Although plaintiff's administrative records suggest that he may have become ineligible for disability insurance benefits as of January 1, 1971, the Court accepts the record date of March 31, 1971, for purposes of this opinion.

the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this section, the jurisdiction of the Court is limited to determining whether or not the administrative findings are supported by substantial record evidence. *Chavies v. Finch,* 443 F.2d 356, 357 (9 Cir. 1971); *Dean v. Gardner,* 393 F.2d 327, 328 (9 Cir. 1968). Substantial evidence is " ' * * * such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

Sections 216(i)(1) and 223(d)(1)(A) define the term "disability" as the

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

Section 223(d)(2)(A) of the Act indicates that an individual suffers a disability within the meaning of the statute

" * * * only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job

vacancy exists for him, or whether he would be hired if he applied for work * * *."

Finally Section 223(d)(3) of the Act defines a "physical or mental impairment" as

" * * * an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

■ The burden of proof to establish a disability, and thus an entitlement to disability insurance benefits, rests with the plaintiff.[2] *Hart v. Finch,* 440 F.2d 1340 (5 Cir. 1971); *Miller v. Finch,* 430 F.2d 321, 323–324 (8 Cir. 1970). Plaintiff attempted to prove his claim at the administrative hearing through his own oral testimony and through written reports submitted by doctors who had treated him after September 25, 1970.

■ Plaintiff testified that he has experienced increasing difficulty with his back, legs and breathing; that he suffers pain severe enough to warrant multiple daily dosages of Darvon; and that he cannot tolerate more than fifteen minutes of physical exertion. Plaintiff correctly cites *Dibble v. Finch,* 316 F.Supp. 1304, 1309 (W.D. Pa.1970), for the proposition that an individual's testimony concerning his subjective pain is an element which an administrative law judge ought consider in reaching a determination of disability. However, the court in that case did not suggest that the hearing judge must accept the plaintiff's testimony as determinative. Rather, it cautioned that "such evidence must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment." 316 F.Supp. at 1309.

**2.** Plaintiff erroneously asserts that, following his averment of disability, the burden of proof shifts to the Secretary to demonstrate specific occupations in the national economy which he can perform. Rather, plaintiff bears the burden of establishing his entitlement to benefits. "This burden shifts to the government *only* when the plaintiff makes 'a showing of inability to return to his former work, *and* the record does not otherwise contain any evidence of (plaintiff's) ability to engage in substantial gainful work.' (emphasis added)." *Kerr v.*

*Richardson,* 387 F.Supp. 361, 363 (E.D.Cal. 1974) (emphasis in original), *quoting Meneses v. Secretary,* 143 U.S.App.D.C. 81, 442 F.2d 803, 806 (1971). In meeting that burden, the Secretary need not identify a particular job or employment opportunity for which plaintiff would qualify, but may take administrative notice of such forms of employment in the national economy. *Chavies v. Finch,* 443 F.2d 356, 358 (9 Cir. 1971). Therefore, plaintiff's contention that the administrative law judge utilized an incorrect legal standard is without merit.

368

The Court perceives some conflict between the severity of pain which plaintiff describes and that verified by the medical record. The medical reports introduced by plaintiff do establish that he has repeatedly sought medical attention for his back and leg pain, has undergone pulmonary function studies, and has been treated surgically for a deviated septum. However, an examination of all of the medical evidence does not suggest that plaintiff suffered an impairment of such disabling severity during the relevant period as to entitle him to disability benefits. In fact, the only specified limitation on plaintiff's physical activity is one doctor's recommendation that he refrain from lifting heavy objects. Although the recommendation does suggest that plaintiff may no longer be able to move heavy objects, as he did while employed as a trucker, it does not imply that plaintiff lacks the residual capacity to perform light work. It suggests only that plaintiff presently suffers the same degree of impairment which he has suffered since December 31, 1967. The records compiled during past agency proceedings, which were incorporated into the record of the proceeding currently under review, supply ample evidence to support the conclusion that plaintiff is capable of performing light work.

Having scrutinized all of the evidence adduced at the hearing, the Court concludes that the record substantially supports the finding of the administrative law judge that plaintiff failed to prove that he suffered a disability within the meaning of the Social Security Act during the period from September 25, 1970, to March 31, 1972.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, and the action is dismissed with the parties to bear their respective costs.