**Timothy HLIVKA, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.**

**No. C–77–1557–WWS.**

United States District Court,
N. D. California.

Jan. 31, 1978.

---

Arthur L. Meader, III, San Francisco, Cal., for plaintiff.

G. William Hunter, U. S. Atty., Eb F. Luckel, Jr., Asst. U. S. Atty., San Francisco, Cal., for defendant.

ORDER

SCHWARZER, District Judge.

This action is brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health, Education, and Welfare disallowing plaintiff's application for disability insurance benefits and for establishment of a period of disability under 42 U.S.C. §§ 416(i) and 423. The administrative law judge denied plaintiff's claim on July 6, 1976. The Appeals Council affirmed that decision on May 19, 1977. Judicial review of the denial of benefits is limited to whether the Secretary's determination is supported by substantial evidence viewing the record as a whole. *Walker v. Mathews*, 546 F.2d 814 (9th Cir. 1976).

A claimant is eligible for social security benefits if he meets the earnings requirements and is under a "disability", as that term is defined in 42 U.S.C. § 423(d)(1)(A):

". . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."

The finding of "disability" is further conditioned by 42 U.S.C. § 423(d)(2)(A) as follows:

". . . an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work . . . ."

Under the statute, claimant has the burden of establishing an entitlement to benefits. However, once claimant makes a showing that he is unable to return to his former employment and the record does not otherwise contain evidence of claimant's ability to engage in substantial gainful work, the burden shifts to the government to come forward with evidence of claimant's ability to engage in substantial gainful activity. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975); *Meneses v. Secretary of Health, Education and Welfare*, 143 U.S.App.D.C. 81, 84, 442 F.2d 803, 806 (1971). If the Government meets this burden, then claimant has the overall burden of showing that his disability precludes substantial gainful work. *Meneses v. Secretary of Health, Education and Welfare, supra.*

Plaintiff Timothy Hlivka is a forty year old male who left school in the ninth grade to join the Army, later receiving a high school equivalency degree. More recently he attended night classes at a junior college, receiving an Associate of Science degree in June 1975. Plaintiff passed a test to become a contractor in January 1976. However, he has never worked in that capacity. After leaving the Army in 1959 he worked as a gasoline station manager. For the last fourteen years plaintiff worked as a general carpenter except for a three-month period following the onset of his recurring back problems when he attempted to work as a grocery store clerk.

While working as a carpenter in 1970, plaintiff fell from a roof injuring his back. This injury and the resulting pain necessitated surgery in July 1971, May 1972, and January 1973; three lumbar laminectomies and two fusions were performed. Plaintiff received social security disability benefits for the period from March 1970 through September 1973. Disability was found to have ceased as of July 1973. Thereafter, plaintiff returned to work as a carpenter and was reinjured on the job in March 1974.

Plaintiff continued to work until September 1974 when he was laid off because of lack of work. An additional reason for the lay off may have been plaintiff's decreased ability to perform the physical requirements of the job. Plaintiff has not worked since that time and claims he was unable to work since the September 1974 lay off due to physical disability.

Regarding plaintiff's medical condition since the reinjury of his back in 1974, the record reflects numerous medical consultations including several hospitalizations and at least two surgical procedures: the first was exploratory surgery which failed to reveal any neuromas, the second was an exploration and revision of the lumbar scar for a cluneal nerve entrapment. Additionally the record reflects continuing complaints of acute low back pain. Plaintiff was treated with daily injections of Valium, Benadryl and other drugs and was taking large amounts of Darvon orally.

Considering the extensive medical evidence the administrative law judge found:

". . . that Timothy Hlivka suffered a severe impairment to his spine . . . and that impairment has continued to cause pain and discomfort to the claimant in his spine and lower extremities."

The administrative law judge went on to find that:

". . . the claimant, while precluded from heavy and strenuous labor or activities, is not similarly precluded from light or sedentary activities . . . ."

■ The findings of the administrative law judge quoted above suggest that plaintiff met his burden of proving an inability to return to his former position as a general carpenter as required by *Meneses v. Secretary of Health, Education, and Welfare, supra.* As in *Taylor v. Weinberger, supra,* the claimant in this case appears to have made out a prima facie case of disability to perform his customary occupation. Plaintiff's usual occupation as a carpenter requires bending and lifting. The medical evidence shows that numerous surgical procedures, large doses of pain relievers and physical therapy were necessary to treat plaintiff's spinal condition. In addition the medical reports state that plaintiff's refusal to discontinue work as a carpenter and his other attempts at strenuous activity such as bicycle riding aggravated his back condition. Thus, a return to carpentry work appears to be foreclosed. However, since the administrative law judge did not expressly make a finding regarding plaintiff's ability to return to his former position the matter will be remanded for his determination and a specific finding on the issue.

If the claimant establishes that he is disabled from returning to his former work, and the record does not otherwise contain any evidence of claimant's ability to engage in substantial gainful work, then the burden of going forward with evidence to demonstrate the existence of available employment compatible with the claimant's disability shifts to the Secretary. *Meneses v. Secretary of Health, Education, and Welfare, supra;* *Gray v. Finch,* 427 F.2d 336 (6th Cir. 1970).

The Secretary's burden under 42 U.S.C. § 423(d)(2)(A) is two-fold. First, he must show that claimant, considering his age, his education, his work experience, and his disability has the capacity to perform an alternative job. Second, the job must be shown to exist in the national economy. *McLamore v. Weinberger,* 538 F.2d 572 (4th Cir. 1976). Once the government meets its burden of going forward by introducing evidence that claimant could do other work, claimant has the overall burden of showing that his disability precluded his doing any substantial work. *Johnson v. Finch,* 437 F.2d 1321 (10th Cir. 1971).

■ Defendant argues that the Secretary may take official notice of the fact that light and sedentary work which plaintiff can perform exists. It is correct that there is no blanket requirement that a vocational expert appear to supply particularized proof of a claimant's employability. The substantial evidence rule demands only that the Secretary produce adequate evidence, from any appropriate source, to support his conclusion. *McLamore v. Weinberger, supra;*

**920**

*Garrett v. Richardson*, 471 F.2d 598 (8th Cir. 1972).

There are at least four sources of substantive evidence which are commonly used on the issue of alternative employability: (1) medical evidence regarding physical ability, (2) prior work history, (3) official notice, and (4) vocational expert testimony.

The proposition that the Secretary may establish specific vocational ability *solely* through medical evidence of physical capability has been rejected. *Taylor v. Weinberger, supra, Orzel v. Finch*, 445 F.2d 150 (7th Cir. 1971). Similarly, official notice by itself has never been found sufficient to sustain a finding that a claimant was able to engage in a particular kind of employment, *Taylor v. Weinberger, supra*, although official notice is sufficient on the issue of existence of particular jobs in the economy. *Chavies v. Finch*, 433 F.2d 356 (9th Cir. 1971). However, where medical evidence demonstrates a capacity to do specific jobs and the jobs named are commonly known to exist in the national economy the evidence has been ·held to be sufficient. *McLamore v. Weinberger, supra* ; *Breaux v. Finch*, 421 F.2d 687 (5th Cir. 1970); *Gray v. Mathews*, 421 F.Supp. 364 (N.D.Cal.1976); *Kerr v. Richardson*, 387 F.Supp. 361 (E.D. Cal.1974).

Prior work history of a claimant may in proper circumstances demonstrate alternative employment potential. However, in *Hernandez v. Weinberger*, 493 F.2d 1120 (1st Cir. 1974) and *Taylor v. Weinberger, supra*, the claimant's testimony regarding brief past alternative work experiences did not support the Secretary's finding of alternative work potential. Thus, in some circumstances the testimony of a vocational expert although not required is the preferred form of proof. In *Meneses v. Secretary of Health, Education, and Welfare, supra*, the court held testimony of a vocational expert to be necessary where the claimant suffers from a condition which may affect his ability to perform a general type of work; official notice on such a complex and particularized issue was inappropriate. Similarly in *Breaux v. Finch*,

*supra*, the court reasoned that where a claimant's disability limits the scope of light work which he could perform vocational expert testimony may be necessary. In *Taylor v. Weinberger*, 512 F.2d 664 (1975), the court stated, citing § 423(d)(2)(A) directing the Secretary in determining disability to consider the claimant's age, education, and work experience, that:

> "To allow the Secretary to 'notice' a fact that is both complex and disputed would undermine an explicit congressional direction to adjudicate disability claims on an individual case-by-case basis."

■ The present record is devoid of any evidence (other than official notice) on whether or to what extent there are jobs in the national economy which could be filled by a person with plaintiff's training who is suffering from chronic back problems. Since the Secretary had the burden of going forward on this issue the decision that plaintiff can perform alternative work in the economy is not supported by substantial evidence.

Although the administrative law judge does not refer to it, he may have relied on plaintiff's attendance at a junior college during the period for which he claimed disability. Plaintiff received a degree in 1975 enabling him to pass the contractor's examination in January 1976. However, there is no evidence regarding the type of physical ability needed to perform the work of a contractor and no evidence showing that plaintiff could perform such work.

Plaintiff's testimony that in 1959 he was employed as a gasoline station operator is not substantial evidence of his ability to presently perform such work. Also, plaintiff's testimony that he attempted to work as a grocery store clerk after his back injury but could not continue because of the pain caused by standing for long periods of time cannot be substantial evidence of his ability to perform such alternative work.

A final word should be added. The principles governing the disposition of disability claims under the Social Security Act are too well settled to justify the kind of carelessness and indifference by the hearing officer

that compels remand here. It would seem that some of the burden that Social Security review cases add to the already heavy dockets of the federal courts could be eased if the Secretary were to provide instructions to hearing officers on the elementary ground rules governing these cases, to wit, that the burden is on the claimant to convince the Secretary that he was disabled from engaging in his former employment; once he satisfies this requirement, the burden of going forward shifts to the Secretary to demonstrate the existence of available employment compatible with claimant's disability. Once the Secretary has met this burden, claimant has the burden of showing that he cannot perform such employment. *See, e. g. Meneses v. Secretary of Health, Education, and Welfare, supra,* 143 U.S. App.D.C. at 84, 442 F.2d at 806. There is no reason why hearing officers cannot receive and follow instructions to make specific findings on each of these elements of a claimant's case.

Accordingly, the decision of the Secretary must be set aside and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.