**Robert CRAUN, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education & Welfare, Defendant.**

**No. C–77–1995 SC.**

United States District Court, N. D. California.

July 14, 1978.

Alfred Lombardo, Morgan, Beauzey, Hammer, Ezgar, Bledsoe & Rucka, Salinas, Cal., for plaintiff.

G. William Hunter, U. S. Atty., San Francisco, Cal., for defendant.

## ORDER

CONTI, District Judge.

Plaintiff has filed this action seeking review of a decision of the Secretary of Health, Education, and Welfare denying his claim for disability insurance benefits. 42 U.S.C. § 405(g). Plaintiff and defendant have each submitted a motion for summary judgment.

In September, 1975, plaintiff filed his application for disability insurance benefits contending he was disabled from August, 1974, because of back and leg pains. R. 42. The application was denied. After a hearing de novo before an administrative law judge a decision adverse to plaintiff was rendered on April 18, 1977. That decision became the final decision of the Secretary when affirmed by the Appeals Council on July 5, 1977.

Review in the District Court is limited to the single question whether or not the Secretary's decision is supported by substantial evidence. *Beane v. Richardson*, 457 F.2d 758 (9th Cir.), *cert. denied*, 409

U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972); *Chavies v. Finch,* 443 F.2d 356 (9th Cir. 1971). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Plaintiff has the burden of demonstrating that his impairments were disabling and that he is entitled to benefits. *Sorenson v. Weinberger,* 514 F.2d 1112 (9th Cir. 1975); *Mark v. Celebrezze,* 348 F.2d 289 (9th Cir. 1965); *Perez v. Mathews,* 411 F.Supp. 1276 (E.D.Cal.1976). The Secretary found that plaintiff could, despite some restrictions in his ability to climb ladders, stoop, and work in confined spaces, engage in his former occupation as an electrical foreman. R. 11. In addition, the Secretary found that even if plaintiff could not return to his former work he could, in light of his many years experience in the electrical field, engage in work as an appliance repairman or electric bench assembly worker. R. 11. These findings, if supported by sufficient evidence in the record preclude relief for plaintiff. *Torske v. Richardson,* 484 F.2d 59 (9th Cir. 1973), *cert. denied sub nom. Torske v. Weinberger,* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *Garrett v. Richardson,* 471 F.2d 598 (8th Cir. 1972); *Mark v. Celebrezze, supra; Lightfoot v. Mathews,* 430 F.Supp. 620 (N.D.Cal.1977). For the reasons that follow the court concludes plaintiff has failed despite the existence of some back impairment to sustain his burden of proving the existence of a disability within the meaning of the Act and that there is substantial evidence to support the Secretary's decision. *Waters v. Gardner,* 452 F.2d 855 (9th Cir. 1971); *Gray v. Mathews,* 421 F.Supp. 364 (N.D.Cal.1976).

The Secretary found that none of plaintiff's impairments, whether considered singly or in combination, was so severe for a continuous period of at least 12 months that he was precluded from engaging in the types of employment referred to above. After review of the record the court finds the evidence was sufficient to support the decision of the Secretary that plaintiff could, at all relevant times, engage in his prior employment as an electrical foreman. See Reports of Dr. Gerstein, R. 87–90; Dr. Berman, R. 97–100. Assuming *arguendo* that plaintiff could not perform this work because of back ailments, the Secretary's conclusion that he could engage in lighter electrical work is supported by substantial evidence in the record. On the physical ability to do so, see the Reports of Dr. Gerstein, R. 87–90, Dr. Storey, R. 91–92, Dr. Foster, R. 93–96, and Dr. Berman, R. 97–100. On plaintiff's vocational ability to do so, the evidence that plaintiff had done electrical work for a number of years, see R. 28–29, 61, combined with plaintiff's intellectual ability, see report of Dr. Lynch, R. 106–108, leads the court to conclude that the vocation standard of *Lightfoot* has been satisfied. Although there was evidence to the contrary on plaintiff's physical abilities, see reports of Dr. Storey, R. 92, and Dr. Cress, R. 103, and a letter from Al Underwood, R. 83, it was for the Secretary to weigh the evidence and resolve the conflicts in the record. *Richardson v. Perales, supra; Harvey v. Richardson,* 451 F.2d 589 (9th Cir. 1971).

On plaintiff's mental capabilities there was evidence that plaintiff was experiencing some mental disturbance. Reports of Dr. Berman, R. 101, and Dr. Lynch, R. 106–108. However, this evidence does not show that plaintiff's impairment was of such severity that he was thereby unable to engage in substantial gainful activities. *Russell v. Secretary of Health, Education, and Welfare,* 402 F.Supp. 613 (E.D.Mo. 1975); *Jamison v. Secretary of Health, Education, and Welfare,* 394 F.Supp. 296 (E.D. Mich.1975).

In light of the foregoing, the court finds that there is substantial evidence in the record to support the decision of the Secretary that plaintiff was not under a disability within the meaning of the Act. Accordingly, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.