887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juanita ROBINSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-3110.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 PER CURIAM.
 
 
 1
 Juanita Robinson appeals from a district court judgment affirming a denial of disability benefits under 42 U.S.C. Secs. 416(i) and 423 and supplemental security benefits under 42 U.S.C. Sec. 1382. For the reasons set forth in District Judge Thomas D. Lambros' opinion, we conclude that the denial of benefits was based on substantial evidence.
 
 
 2
 Miss Robinson contends that the Administrative Law Judge had an affirmative duty to order a psychological examination to determine if a mental impairment rendered her pain disabling. She relies on 20 C.F.R. Sec. 404.944, which gives the ALJ the authority to stop the hearing if he believes material evidence is missing. See also 20 C.F.R. Sec. 416.1444 (the parallel provision for SSI determinations). The record reveals that the ALJ considered taking this action, but decided against it after Miss Robinson's attorney, who had known her for several years, said it was not necessary.
 
 
 3
 The burden was on the claimant to provide a record sufficiently complete for the Secretary to make a determination. 20 C.F.R. Secs. 416.912 and 416.913(d). Miss Robinson never raised the issue of mental impairment until the hearing before the ALJ. At that point the ALJ could, in the exercise of his discretion, have remanded the case to the state agency. 20 C.F.R. 404.1520a(d)(1)(iii) and 416.920a(d)(1)(iii). Failure to exercise that discretion was not error unless the examination was necessary for an informed decision. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 214 (6th Cir.1986). While such an examination might have been helpful here, it was not necessary; there was substantial evidence in the record, as the district court found, upon which the ALJ could base his decision. The ALJ did not violate his duty to conduct a full inquiry.
 
 
 4
 We note also our agreement with the district court that the conduct of Miss Robinson's attorney was not so deficient as to constitute ineffective assistance of counsel. See Ames v. Gardner, 353 F.2d 197 (6th Cir.1965).
 
 
 5
 The judgment of the district court is AFFIRMED.